# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

GABRIEL GONZALEZ                                                                                    PETITIONER
*REG #30515-112*

V.                              CASE NO. 2:24-cv-00207-KGB-JTK

CHAD GARRETT, Warden                                                                         RESPONDENT
FCI – Forrest City

## ORDER

Petitioner Gabriel Gonzalez ("Gonzalez") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1) He challenges the Bureau of Prison's (BOP) interpretation and application of the First Step Act regarding his good-time credits. Gonzalez and several other inmates have filed pending motions in this matter. They are: Motion for Joinder of Additional Parties filed by Gonzalez, Mark Uhlenbrock, Joshua Whiteley, and Derek Pratcher (Doc. No. 5); Motion for Joinder of Additional Party filed by Gonzalez and Alfonso Gonzalez-Suarez (Doc. No. 6); Motion to Appoint Counsel filed by Gonzalez on behalf of himself and all interested parties (Doc. No. 8); Motion for Judicial Notice filed by Alfonso Gonzalez-Suarez (Doc. No. 15); Motion for Judicial Notice filed by Joshua Whiteley (Doc. No. 17); Motion for Extension of Time to File Reply Brief filed by Joshua Whiteley (Doc. No. 18); Motion for Judicial Notice filed by Gonzalez (Doc. No. 20); and Motion for Judicial Notice filed by Mark Uhlenbrock (Doc. No. 21).

All motions for joinder (Doc. Nos. 5, 6) are DENIED. In this matter, the Court does not deem joinder appropriate under the Federal Rules of Civil Procedure or any other laws. Accordingly, the motions for judicial notice (Doc. Nos. 15, 17, 21) are DENIED because joinder of those individuals is denied. The Court points out that Mark Uhlenbrock, Joshua Whiteley, and

Derek Pratcher currently have pending habeas petitions pursuant to § 2241 in case nos. 2:24-cv-00196-LPR-ERE, 2:24-cv-00179-DPM-JTK, and 2:24-cv-00178-BSM-ERE, respectively, and they should pursue their allegations in their respective cases. On that basis, the motion for extension of time filed by Joshua Whiteley (Doc. No. 18) is DENIED.

Additionally, Gonzalez's motion to appoint counsel (Doc. No. 8) is DENIED. There is no constitutional right to counsel in habeas corpus cases. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). A district court *may*, however, appoint counsel to represent an indigent habeas petitioner if "the interest of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). "The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition." *Hoggard*, 29 F.3d at 471 (citing *Abdullah v. Norris*, 18 F.3d 571, 573; Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts). Yet, "[t]he appointment of counsel is discretionary when no evidentiary hearing is necessary." *Id.* (citing *Abdullah*, 18 F.3d at 573).

"In exercising its discretion to appoint counsel, however, the district court 'should first determine whether . . . [the] petitioner has presented a nonfrivolous claim[.]'" *Martin v. Fayram*, 849 F.3d 691, 699 (8th Cir. 2017) (omission and first alteration in original) (quoting *Abdullah*, 18 F.3d at 573). Then, that court "should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Id.* (quoting *Hoggard*, 29 F.3d at 471).

Given the nature of Gonzalez's petition, the Court does not intend to conduct an evidentiary hearing. Moreover, Gonzalez has been capable of investigating and presenting his claims thus far, considering he has filed the pending petition, several documents, and other habeas actions in this Court. Here, Respondent Chad Garrett has filed a motion to dismiss (Doc. No.11) in response to

Gonzalez's petition, and the case is currently ripe for review. Gonzalez's claims are under review, and the relevant law and facts do not appear complex. Consequently, the Court sees no need to appoint an attorney at this point in the case.

Last, Gonzalez's motion for judicial notice (Doc. No. 20) is also DENIED. He alleges that the BOP staff instructed him to stand outside in freezing, inclement weather for commissary, but he was not given his items. Afterward, he states that he developed flu-like symptoms. He believes the foregoing was retaliation from the BOP in response to him filing this habeas action.

The allegations in his motion for judicial notice do not challenge the validity of Gonzalez's conviction or the execution of his sentence; thus, they are not appropriate under habeas law and cannot be considered as a part of his pending habeas petition. *See Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014). His allegations appear to challenge his conditions of confinement and may be best suited under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See id.* at 471.

In conclusion, all motions (Doc. Nos. 5, 6, 8, 15, 17, 18, 20, 21) are DENIED.

SO ORDERED this 4th day of February, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE