IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

GABRIEL GONZALEZ                                                                    PETITIONER
Reg #30515-112

v.                               Case No. 2:24-cv-00207-KGB

CHAD GARRETT                                                                       RESPONDENT

## ORDER

Before the Court are the proposed findings and recommended disposition ("Recommendation") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 24) and *pro se* petitioner Gabriel Gonzalez's objections to the Recommendation (Dkt. No. 27) and Gonzalez's supplement to his objections (Dkt. No. 28).  Judge Kearney recommends that the Court grant respondent Chad Garrett's motion to dismiss (Dkt. No. 11) and that the Court deny and dismiss with prejudice Mr. Gonzalez's petition for a writ of *habeas corpus* (Dkt. No. 24, at 5).  After conducting a *de novo* review of the record, including a review of the Recommendation, objections, and supplement to the objections, the Court adopts, in part, and rejects, in part, the Recommendation (Dkt. No. 24)

In his objections, Mr. Gonzalez relies upon an out of circuit district court case, *Woodley v. Warden, USP Leavenworth,* Case No. 24-cv-03053-JWL, 2024 WL 2260904 (D. Kan. May 15, 2024), to argue that his claims regarding his eligibility for transfer or placement in pretrial custody under the First Step Act ("FSA") are cognizable under 28 U.S.C. § 2241 (Dkt. No. 27, at 5).  He likewise cites an Eighth Circuit Court of Appeals case, *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004), for the proposition that the Court has *habeas* jurisdiction over placement and transfer issues generally under § 2241 (*Id.*, at 4–5).

Although it is true that "[i]n earlier cases, the Eighth Circuit entertained § 2241 petitions where the petitioner sought placement in prerelease custody," *see Mannino v. Stalhood*, Case No. 2:24-cv-00220-BSM-ERE, 2025 WL 895798, at *2 n.3 (E.D. Ark. Mar. 24, 2025), *R. & R. adopted*, Case No. 2:24-cv-00220-BSM, 2025 WL 1539824 (E.D. Ark. May 29, 2025) (collecting cases), more recent Eighth Circuit case law makes clear that a § 2241 petition is not the proper forum for a challenge to conditions of confinement. *See Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014); *see also Sichting v. Rardin*, Case No. 24-cv-03163-SRN-DTF, 2024 WL 4785007, at *2 (D. Minn. Nov. 14, 2024) (finding *Woodley*, 2024 WL 2260904, at *2–4, inapplicable in the Eighth Circuit). For this reason, district courts in the Eighth Circuit in recent years have routinely dismissed § 2241 petitions challenging the application or calculation of FSA credits for lack of jurisdiction where, as here, the ultimate issue is of the prisoner's eligibility for pretrial custody rather than supervised release. *See Mannino*, 2025 WL 895798, at *2–3; *Smith v. Eischen*, Case No. 23-cv-02866-JMB-SGE, 2025 WL 732304, at *2 (D. Minn. Mar. 7, 2025); *Sichting*, 2024 WL 4785007, at *2–3; *Fongers v. Garrett*, Case No. 2:24-cv-00046-LPR-PSH, 2024 WL 3625237, at *2 (E.D. Ark. Aug. 1, 2024), *R. & R. adopted*, Case No. 2:24-cv-00046-LPR, 2024 WL 4652193 (E.D. Ark. Nov. 1, 2024). The Court therefore agrees with Judge Kearney's determination that a § 2241 petition is not a proper vehicle for Mr. Gonzalez's claims.

Mr. Gonzalez also argues in his objections that, if a § 2241 petition is not a proper vehicle for his claims, the Court should "give him the opportunity to pursue his claim under the proper vehicle identified by the court as opposed to dismissing his petition with prejudice" (*Id.*, at 7). It is true that the Eighth Circuit has previously found that, where the proper vehicle for a *pro se habeas* petitioner's claims is "apparent," the district court should give the petitioner an opportunity to convert the action into the correct procedural vehicle. *See Spencer*, 774 F.3d at 471. However,

2

the Court finds such a remedy to be inappropriate in the instant case. First, if the Court were to convert Mr. Gonzalez's petition into another form of civil action, his claim would face an immediate hurdle in the form of the $350.00 statutory filing fee. *Sichting*, 2024 WL 4785007, at *3 (dismissing rather than converting § 2241 petition given that "the burden of paying a $350 filing fee may be considerable" for the petitioner). Second, it is not clear to the Court on what theory, if any, Mr. Gonzalez can properly bring his claims, as the issues he raises are somewhat novel and have been presented under a variety of legal theories in different courts. *See Crowe v. Fed. Bureau of Prisons*, Case No. 24-cv-3582-APM, 2025 WL 1635392, at *7–9, 19–23 (D.D.C. June 9, 2025) (dismissing similar claims purportedly brought under court's "inherent equitable jurisdiction" and Administrative Procedure Act); *Mannino*, 2025 WL 895798, at *2–3 (finding no viable conditions of confinement claim on similar facts). Given these circumstances, the Court will instead deny and dismiss without prejudice Mr. Gonzalez's petition and reject Judge Kearney's recommendation that Mr. Gonzalez's petition be denied and dismissed with prejudice (Dkt. No. 24, at 5).

For these reasons, the Court therefore adopts, in part, and rejects, in part the Recommendation (Dkt. No. 24).[1] The pending motion to dismiss is granted (Dkt. No. 11). Mr. Gonzalez's petition for a writ of *habeas corpus* is denied and dismissed without prejudice (Dkt. No. 1). Judgment will be entered accordingly. The Court declines to issue a certificate of appealability. Mr. Gonzalez may still apply to the Eighth Circuit Court of Appeals for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

---

[1] The Court adopts the Recommendation in all respects with the exception of Judge Kearney's recommendation that Mr. Gonzalez's petition be denied *with* prejudice (Dkt. No. 24, at 5).

It is so ordered this 15th day of September, 2025.

                                                  _____
                                                  Kristine G. Baker
                                                  Chief United States District Judge